SISTO LIBERATORE *vs.* TOWN OF FRAMINGHAM
(and seven companion cases [1]).

Middlesex.    November 2, 1943. — February 28, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & RONAN, JJ.

*Agency*, Scope of authority or employment. *Municipal Corporations*, Officers and agents. *Evidence*, Admissions and confessions, Relevancy and materiality, Res inter alios, Of custom. *Practice, Civil*, Exceptions: whether error harmful; Requests, rulings and instructions. *Error*, Whether error harmful. *Negligence*, Res ipsa loquitur.

Although the engineer of a town was its agent in the making and performance of a contract between it and the Federal Works Progress Administration, he did not have authority to bind the town by admissions made by him in a letter purporting to state the facts of an accident occurring in the carrying out of the project to which the contract related.

A "W. P. A. safety bulletin," intended to govern the conduct of officials of the Federal Works Progress Administration in carrying out its

---

[1] The companion cases are by Michael DeLuca, George Towne, and Amedeo Ceccaroni against the town, and by the same persons and Sisto Liberatore against Raymond F. Bolieau.

projects, was properly excluded in the circumstances at the trial of actions against a town with which the Federal administration had made a contract for such a project and the operator of a motor truck assigned to the project by the town with the truck, brought by workmen injured while being transported in the truck from work on the project.

The exclusion of a question as to a custom was not shown to be prejudicial in the absence of an offer of proof.

Even if it was true that the evidence at a trial without jury warranted a finding of the defendant's negligence, a request by the plaintiff for a ruling to that effect was made immaterial by a finding, based on a consideration of all the evidence, that the defendant was not negligent.

A judge sitting without a jury, who is asked to give a correct ruling that the evidence warrants a finding of a certain decisive fact, in making a finding to the contrary upon a consideration of all the evidence irrespective of its sufficiency as matter of law to warrant a finding of the fact, should either give the requested ruling or, if he ignores or expressly refuses it, should make it plain that his finding negativing the fact is based on a consideration of all the evidence and is not the result of an erroneous ruling that as matter of law the evidence is insufficient to warrant a finding of the fact.

The principle, res ipsa loquitur, when applicable, merely permits, but does not require, a finding of negligence.

The mere occurrence of an unexplained accident causing injury does not warrant a finding, by application of the principle, res ipsa loquitur, that it occurred through negligence unless the one sought to be charged with negligence had sole control of the possible source of danger to the injured person.

A judge sitting without jury properly may refuse a request which assumes a disputed fact instead of stating it hypothetically, thereby asking for an implied finding of such fact as well as a ruling of law thereon.

A request for a ruling presented to a judge sitting without jury may be dealt with as a unit as presented; the judge need not correct nor perfect it.

It is improper for a judge sitting without jury to deal with a request for a ruling by the formula, "Granted so far as applicable to facts found"; if some specified fact upon which the request depends is found not to exist or is not found to exist, it is better practice to refuse the request, stating that reason.

EIGHT ACTIONS OF TORT. Writs in the District Court of Natick and the First District Court of Southern Middlesex dated at various dates between May 1, 1941, and October 21, 1941.

Upon removal to the Superior Court, the actions were heard together without jury by *Leary,* J.

*F. G. Lichtenstein & J. H. Lewis,* for the plaintiffs, submitted a brief.

*W. I. Badger, Jr.,* for the defendants.

LUMMUS, J.   These are eight actions of tort, four brought against one Bolieau, and four brought against his alleged master, the defendant town, to recover damages for bodily injuries sustained while the several plaintiffs were returning from working as laborers employed by the Federal Works Progress Administration, commonly called the W. P. A., upon a project of improvement of a road leading to the town's water pumping station.   The work was being done under a contract between the town and the W. P. A. whereby both the town and the Federal government were to contribute toward the necessary expense.   A part of the contribution of the town was the use of its truck and the payment for the services of its operator, the defendant Bolieau, who was assigned by the town to duty on the project.   He was instructed by the town engineer to transport W. P. A. laborers to and from work.   There was no evidence that he had any responsibility for the condition of the truck.

The truck had a hydraulic dumping device, controlled by levers worked from the operator's seat, by which the front of the body was lifted up and the load was dumped at the rear.   The plaintiffs on February 21, 1941, were riding in the body of the truck by direction of their foreman. While they were thus riding the front of the body lifted up without any manipulation of the levers.   They were dumped out into the road, and hurt.

The judge found that the town was not under contract with the W. P. A. to transport the plaintiffs; that the truck was not in the control of the town; that the plaintiffs were not riding as passengers for consideration moving to the town nor on business of the town; that the town was not negligent in the maintenance of the truck; and that Bolieau was not negligent.   He also found, warrantably, that Bolieau was not acting as servant of the town, but was under the control of the W. P. A.   *Wall's Case,* 293 Mass. 93.   *Parker v. Taylor,* 295 Mass. 51, 55.   *Gates's Case,* 297 Mass. 178. *Donnelly's Case,* 304 Mass. 514.   He found generally for the defendants.

We consider first the exceptions of the plaintiffs to the exclusion of evidence.   They excepted to the exclusion of a

letter written by the town engineer after the occurrence, purporting to state the facts. Although the town engineer was agent of the town in the making and performance of the contract, his letter did not relate to those matters. He was not authorized to make admissions for the town, much less for Bolieau. *Burgess* v. *Wareham,* 7 Gray, 345. *Conklin* v. *Consolidated Railway,* 196 Mass. 302. *Cleary* v. *First National Stores Inc.* 291 Mass. 172. *Parsons* v. *Dwightstate Co.* 301 Mass. 324.

The contract provided that all operations should be done in conformance with the rules and regulations of the W. P. A. The plaintiffs excepted to the exclusion of "W. P. A. safety bulletin No. 3," issued before the date of the occurrence by the W. P. A. director for Massachusetts, which provided that dump trucks were not to be used for transporting workers unless accidental dumping was guarded against by chains or bolts. That bulletin was properly excluded. It was intended to govern the conduct of officials of the W. P. A. There was no evidence that Bolieau knew of it. He was found not to be acting as servant of the town. The town was not in control of the truck and did not undertake to transport the plaintiffs, according to the findings.

The question asked of a W. P. A. official as to the custom in other towns with respect to transporting W. P. A. workers was properly excluded. There was nothing to show what contracts existed between the W. P. A. and other towns, or how general any custom was. Besides, the exclusion was not shown to be harmful, for no offer of proof was made. *Simon* v. *Berkshire Street Railway,* 298 Mass. 454, 456.

Coming to the requested rulings in the actions against Bolieau, the second, seventh and seventeenth requests were in substance that the evidence warranted a finding that he was negligent. Even if that was true, the requested rulings were made immaterial by the finding, apparently made after consideration of all the evidence, that negligence of Bolieau was not proved. *Brodeur* v. *Seymour, ante,* 527, 529–530. *Dangelo* v. *Farina,* 310 Mass. 758.

But we repeat what has been said often enough to bring it home to all judges who sit without jury, that where a

judge in making his decision does consider all the evidence, and his decision does not result from any conviction that the evidence is insufficient as matter of law, he need not hesitate to grant such a requested ruling if he believes it to be correct, instead of raising a really moot but nevertheless dangerous question by refusing or ignoring it. *Strong v. Haverhill Electric Co.* 299 Mass. 455, 456. *Marquis v. Messier,* 303 Mass. 553, 555, 556. *United States Fidelity & Guaranty Co. v. Sheehan,* 308 Mass. 321, 323, 324. *Dangelo v. Farina,* 310 Mass. 758, 759. *Hoffman v. Chelsea, ante,* 54. If in such a case, however, a judge chooses to take the opposite course of refusing the requested ruling, either expressly or impliedly by ignoring it, and decides the case against the party presenting the request, he should make such findings, stated to be findings of fact upon all the evidence, as will show that his decision is not the result of any ruling that the evidence is insufficient as matter of law to warrant a finding in favor of that party. *Hoffman v. Chelsea, ante,* 54. *Brodeur v. Seymour, ante,* 527, 529–530. The number of troublesome and apparently unnecessary questions that continue to come to this court upon such requests indicates that judges often fail to take either course definitely and unmistakably.

The fourth request in the actions against Bolieau, that "the doctrine of res ipsa loquitur applies and that the defendant was negligent and therefore the plaintiff[s] can recover," is founded on a misconception of that "doctrine:" That "doctrine," where it applies, merely permits, but does not require, a finding of negligence. *Roscigno v. Colonial Beacon Oil Co.* 294 Mass. 234. *Garrett v. M. McDonough Co.* 297 Mass. 58, 60.

The third and fifth requests in those actions asked in substance a ruling that the unexplained dumping "is evidence of negligence sufficient to warrant [*sic*] the plaintiff[s] to recover." That is true, provided the case is one of res ipsa loquitur. The requests assume that it is. But in order for the occurrence of the injury to warrant a finding that Bolieau was negligent, he must have had the sole control of the possible sources of danger. *Wilson v. Colonial Air Trans-*

*port, Inc.* 278 Mass. 420. *Randazzo* v. *Wheaton*, 278 Mass. 536, 539. *Lynch* v. *New York, New Haven & Hartford Railroad*, 294 Mass. 152, 161, et seq. *Vozella* v. *Boston & Maine Railroad*, 296 Mass. 491, 493. *McCabe* v. *Boston Consolidated Gas Co.* 314 Mass. 493, 496. Such sole control could not be assumed, for on the evidence a finding that Bolieau had such control, even if warranted, was not required. See *Memishian* v. *Phipps*, 311 Mass. 521, 525.

The granting of those requests would have implied a finding that he had such sole control. But "on the law side of the court a judge cannot be required to make any express findings of fact," and he can no more be required to make an implied finding. *Matter of Loeb, ante,* 191, 196. True, he may be required to rule upon possibly material questions of law not shown to have become immaterial because of facts found, subject to the limitation on practical grounds stated in *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47, 50, 51. Ordinarily requests for rulings serve to separate the law from the facts by stating the facts hypothetically and requiring a ruling upon the legal result of the facts stated. *Graustein* v. *Dolan,* 282 Mass. 579, 583. *Langdoc* v. *Gevaert Co. of America, Inc., ante,* 8. But where a request assumes a disputed fact, instead of stating it hypothetically, the party presenting the request goes beyond his right to a ruling of law, and asks also an implied finding of fact which the judge is not required to make. The judge does his full duty when he makes rulings of law upon proper request, and decides the case. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 494, 495. *Memishian* v. *Phipps,* 311 Mass. 521, 522, 523. *Codman* v. *Beane,* 312 Mass. 570, 574.

A request is a unit, and may be dealt with as such. *Dow* v. *United States Fidelity & Guaranty Co.* 297 Mass. 34, 40. *Squires* v. *Fraska,* 301 Mass. 474, 476, 477. *Ryerson* v. *Fall River Philanthropic Burial Society, ante,* 244, 246. A judge is not bound in a trial without jury to correct or perfect a request, but may deal with it as presented. *Ferguson* v. *Ashkenazy,* 307 Mass. 197, 203. *Dow* v. *United States Fidelity & Guaranty Co.* 297 Mass. 34, 40. When a request, like the ones under discussion, is a hybrid, asking an implied

finding of a disputed fact as well as a ruling of law upon it, the request is properly refused. *Dow* v. *United States Fidelity & Guaranty Co.* 297 Mass. 34, 40. *Shay* v. *Gagne*, 275 Mass. 386, 390. *Callahan* v. *Boston Elevated Railway*, 286 Mass. 223, 226. *Simpson* v. *Eastern Massachusetts Street Railway*, 292 Mass. 562, 565, 566. Accordingly there was no error in the refusal of the requests under discussion.

The other requested rulings in the actions against Bolieau that were refused were shown by specific findings of fact to be inapplicable to the facts as found.

The requested rulings in the actions against the town that were refused were rendered moot by specific findings of fact. We may observe, however, that the formula adopted by the judge in dealing with some of them, "granted so far as applicable to facts found," is obscure and not to be approved. There was no occasion to grant any requested ruling as to the legal effect of facts stated hypothetically that did not conform to the true facts as found. A more appropriate disposition would have been to refuse the requested ruling on the ground that some specified fact upon which it was made to depend was not found to exist, or was found not to exist. *Commonwealth* v. *Hull*, 296 Mass. 327, 336, 337. *Wilson* v. *Birkenbush*, 305 Mass. 173, 177. *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446, 448. *Barry* v. *Sparks*, 306 Mass. 80, 85, 86.

*Exceptions overruled.*