*Northern District*

No. 4715

## HERBERT ALLEN
### v.
## S. S. PIERCE COMPANY

(March 19, 1954)

*Gadsby, P. J.* This is an action of tort for personal injuries by the plaintiff, the operator of an MTA bus, against the defendant arising out of an intersection collision on June 12, 1952 involving the bus and the defendant's vehicle. The defendant's answer consisted of a general denial and set up an affirmative defense the contributory negligence of the plaintiff.

The Court made a finding of facts in which he specifically found that each operator failed to give adequate attention to the movements of the other

vehicle. The Court also found as a fact that the operator of both the truck and the bus were negligent and that their negligence caused the collision. Court found for the defendant.

The plaintiff claims to be aggrieved by the denial of his requests for rulings nos. 3 and 14. At the hearing before this Division the plaintiff waived request no. 14 so that the only question before this Court is in the denial of request no. 3, which is as follows:

> No. 3 "If the Court finds that the plaintiff testified that he saw the defendant approaching in a zig zag course and stopped his car before the collision, said testimony is sufficient basis for a finding for the plaintiff."

The request was properly denied because the mere fact that a witness testifies to a certain event does not mean that the Court is obliged to believe him. Furthermore, the request becomes immaterial in view of the specific findings of the trial judge that the plaintiff was negligent. The request is also based on an assumption of facts which are not shown to exists, namely, that the defendant's vehicle was zig-zagging. *Bartley v. Phillips*, 317 Mass. 35 at 37 and 38. Furthermore, a judge cannot be required to rule upon fragmentary parts of the evidence. *C. v. Slavski*, 245 Mass. 405 at 418.

It is elementary that the question of negligence and contributory negligence are questions of fact for the trial judge, and, furthermore, as was said in *Liberatore v. Framingham*, 315 Mass. 538 at 544, "There was no occasion to grant any requested ruling as to the legal effect of facts stated hypothetically that did not conform to the true facts as found." There being no prejudicial error committed by the trial judge, the report is ordered dismissed.

Farese, Schneider & Ciol, for the plaintiff.

Parker, Coulter, Daley & White, for the defendant.