*Municipal Court of the City of Boston*
T-10044
**EMMETT CADIGAN, p/p/a**
**v.**
**STRAND GARAGE, INC.**
(October 2—October 21, 1964)

*Present*: Adlow, C. J., Riley & Canavan, JJ.

Case tried to *Shamon, J.*

*Adlow, C. J.* Action of contract brought by a minor to recover purchase price of an automobile sold to him by a salesman of the defendant.

*There was evidence that* in February, 1962, the plaintiff, Emmett Cadigan, at the time 19 years of age, went to the salesroom of the defendant in the company of his brother-in-law, Lawrence Christianson, and looked at some cars. On Saturday of the same week he returned to the salesroom with three of his brothers, one of whom was Paul Cadigan. On this occasion he selected a car and left a $35 deposit on it. On February 23, 1962 he went to the defendant's salesroom with his brother Paul Cadigan, and completed the sale of the car, paying in addition to the $35 previously left for deposit the sum of $1,740. The sum was made up of a letter of credit issued to Paul Cadigan by a Boston bank in the amount of $1300, and a check drawn in favor of the plaintiff in the amount of $340. The memorandum of sale described the plaintiff, Emmett Cadigan, as the purchaser. It appears that the car was delivered to Emmett Cadigan on the same day and he had the car registered in his name.

Paul Cadigan testified that prior to the sale of the car he obtained a letter of credit from the First National Bank in the amount of $1300; that he informed the bank that the money which he borrowed was to be

used to buy a car, and that *he* was to be the purchaser of the car. The letter of credit given by the bank was made payable to the Strand Garage. The note given to the bank by the Cadigans was signed by Paul Cadigan as maker, and by Emmett Cadigan as co-maker.

Subsequent to the purchase of the car by the plaintiff, it was involved in an accident and the plaintiff collected $106 in damages. He never repaired the car. On September 17, 1962 the plaintiff notified the defendant that he elected to rescind. In this action he seeks to recover the purchase money paid for said automobile.

Whether the sale of the automobile was made to Emmett Cadigan as an individual, or to his brother Paul as an individual, or to both jointly, was a question of fact to be determined by the court on the basis of all the evidence. The court resolved this question in favor of the plaintiff and found as a fact that the sale was made to the plaintiff who was a minor. In so finding the court rendered immaterial the issue raised by the denial of the defendant's request #2 that "The evidence warrants a finding that the vehicle in question was not sold to the plaintiff." While the request has merit in itself, it becomes immaterial when considered in the context of the court's general findings. *Liberatore v. Framingham,* 315 Mass. 538, 542.

It is unnecessary to consider the

general principles of law on which the minor's rights are predicated. It appears from the amount of the award—to wit, $1,669—that the court has credited the defendant with the amount of $106, already realized by the plaintiff in a property damage claim brought against another.

There was no error. *Report dismissed.*

Max Singer, of Boston, for the Plaintiff.

Maurice H. Kramer, of Boston, for the Defendant.