Furnari J.
This is an action in contract and quantum meruit to recover $30,093.24 in bonus payments allegedly owed to the plaintiff pursuant to an oral agreementwith his former employer, defendantTurner Brothers Construction, Inc. (‘Turner Brothers”).
The plaintiffs appeal from the trial court’s judgment for the defendants presents a classic example of an experienced judge ensnared by the proverbial “trap for the unwary” inherent in Dist./Mun. Cts. R. Civ. P., Rule 64(b). Hoffman v. Chelsea, 315 Mass. 54, 57 (1943). The trial judge failed to make findings of fact upon his denial of the plaintiffs requests for rulings of law that the evidence warranted a finding in the plaintiffs favor.
The report establishes that the evidence adduced at trial did so warrant or permit a finding for the plaintiff. There was evidence that the plaintiff, a Massachusetts attorney with an M.B.A degree, was hired in 1985 by defendantTurner Brothers as its in-house counsel and business management assistant. The plaintiff provided services to both Turner Brothers and entities in which Turner held an interest, including 45 Eastman Realty Trust, and received as compensation a fixed weekly salary plus a monthly car rental allowance and occasional bonuses in cash and goods. As the years of the plaintiffs employment progressed, his duties gradually shifted away from the business operations of Turner Brothers and eventually focused exclusively on the provision of legal services to the defendant corporation only.
At issue in this case is the substance of a meeting held by the parties in the fall of 1988. The plaintiff testified that the parties entered into an oral agreement whereby he agreed to continue as Turner’s in-house counsel in return for the defendant corporation’s promise to pay him a bonus of 7.5% of all recoveries secured in the defendant’s behalf plus 50% of all fees ordered by any court against the opposing party, together with increases in the plaintiff s weekly salary and monthly car allowance and an additional, single bonus of $12,500.00. The defendanf s directors admitted that the *250 parties met and agreed to a single bonus plus salary and benefit increases for the plaintiff, but denied that they ever promised to pay the plaintiff the percentage bonuses which form the basis of the plaintiffs complaint in this action. The plaintiff testified that his employmentwas terminated in December, 1988when he demanded payment of 7.5% bonuses in cases settled in the defendant’s favor.
At the close of the evidence and before final arguments in this action, the plaintiff filed ten requests for rulings of law. Requests numbers 1 through 4 sought rulings that “there is sufficient evidence to warrant a finding for the plaintiff on Count[s]...” one through four of the complaint.
At the conclusion of the trial, the judge announced that the principal question to be decided in the case was: “Did an agreement exist between the parties requiring the defendant or the defendants to pay the plaintiff 7.5% of the amounts recovered?” The trial judge then orally outlined his intended approach to the evidence; to wit, if no agreement for percentage bonuses existed, he would find for the defendants; if he found that there was an agreement, he would rule whether such agreement was one for a bonus or was a contingent fee agreement; and if he found there was a contingent fee agreement, he would then rule whether the plaintiff was prevented from recovery because the agreement was not in writing.
The trial judge later entered findings for the defendant on all counts, and disposed of each of plaintiffs requests for rulings numbers 1 through 8 with the single word “denied.” The judge made no written findings of fact, and provided no other written explanation of his denial of the plaintiffs requests.
1. Seventeen years ago in DiGesse v. Columbia Pontiac Co., 369 Mass. 99 (1975), the Supreme Judicial Court re-examined at length the nature and properjudicial response to a request for ruling of law that “the evidence warrants a finding” in favor of the requesting party. The Court prefaced its analysis by noting that:
Requests for rulings of law of the kind involved in this case have been the subject of frequent appeals to this court over a long period of years and despite repeated discussion of the subject in many opinions, they still appear to be a source of difficulty and to present occasions for alleged error on the part of some trial judges...
Id. at 102. The present appeal demonstrates both the continuing validity of the Court’s 1975 observation, and the need once again to review this most fundamental aspect of district court civil procedure.
2. Much of the needless confusion engendered by “warranf’ requests appears attributable to the failure to recognize that such request is merely one, specialized Dist./Mun. Cts. R Civ. P., Rule 64(b) request for ruling of law which is designed in every case to raise a single, legal issue; namely, the sufficiency of the evidence. Requests for rulings of law are nothing more than procedural mechanisms to separate atrial court’s legal rulings from its factual findings in order that the right of appeal may be preserved. The necessity of requests for rulings of law is a function of three basic procedural propositions: most district court civil actions are tried without a jury; district court trial judges are not ordinarily required to make separate, written findings of fact, Dist./Mun. Cts. R Civ. P., Rule 52 (a), Ashapa v. Reed, 280 Mass. 514, 516 (1932); and appellate review is restricted to questions of law. See generally, Chadwick v. Desroches, 333 Mass. 768 (1956); Elliott v. Warwick Stores, Inc., 329 Mass. 406 (1952).
In consequence of the non-jury format of most district court civil trials, the judge serves in a dual capacity by performing not only the customary judicial function of determining and applying the correct principles of law to the facts of the case, but also the role usually assigned to the jury of assessing the weight and credibility of the evidence to determine what the true facts are. Fain v. Fitzhenry-Guptil Co., 335 Mass. 6, 9 (1956); Perry v. Hanover, 314 Mass. 167, 173 (1943). The legal rulings and factual findings which constitute the trial judge’s ultimate decision cannot generally be distinguished because the judge is not ordinarily required to set forth his factual *251 findings in a separate, written form. Thus neither a losing party nor an appellate court can determine from a district court civil judgment alone whether the court’s decision resulted from a simple disbelief of the losing party’s evidence or some other factual finding, or was instead predicated on an error of law. Brodeur v. Seymour, 315 Mass. 527, 529 (1944). Yet this determination is essential, as it is only from the trial court’s errors of law that the losing party can obtain relief on appeal.
The necessary separation of fact and law is achieved solely by the filing of requests for rulings of law which require the trial judge to “state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved.” Hogan v. Coleman, 326 Mass. 770, 772 (1951). See also, e.g., Caleb Pierce, Inc. v. Commonwealth, 354 Mass. 306, 312 (1968). Generally, a request for ruling is a simple statement of a correct principle of substantive or procedural law, pertinent to the issues and applicable to the evidence which should govern the trial judge’s resolution of the factual disputes in a case. Snyder v. Rosen, 342 Mass. 116, 118 (1961). The content of requests for rulings is as endlessly varied as the diverse questions of law which may arise from any conceivable set of facts and circumstances resulting in civil litigation.
3. There is, however, one question of law which must be resolved by a trial judge in every type of civil case before judgment can be rendered; namely, whether sufficient evidence was introduced to permit a finding in favor of the parly with the burden of proof. The sufficiency of the evidence is a question of law, not of fact Howard v. Burlington, 399 Mass. 585 (1987). To obtain a written statement, for appeal purposes, of the judge’s resolution of this legal issue, a party must file a specific form of request for ruling that “the evidence warrants afinding in favor of’ the requesting party. A warrant request raises the issue of the sufficiency of the evidence by seeking the determination that a finding in favor of the requesting party is legally permissible given all the evidence adduced attrial, notwithstanding the judge’s eventual assessment of the weight and credibility of such evidence or the judge’s final decision in the case. Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383, 388 (1955); Bresnick v. Heath, 292 Mass. 293, 298 (1935).
If there is evidence in the record which would permit the trial judge, or any other hypothetical fact finder, to make afinding for the requesting party, a warrant request should be allowed. Strong v. Haverhill Elec. Co., 299 Mass. 455, 456 (1938). The allowance of a warrant request does not constitute a ruling that the evidence requires a finding for the requesting party, nor does it obligate the trial judge to find in favor of the requesting party. The allowance of a warrant request by the party with the burden of proof is thus wholly consistent with the court’s ultimate finding in favor of the opposing party. Wood v. Spedoni, 328 Mass. 483, 485 (1952); Flavin v. Morrissey, 327 Mass. 217, 220 (1951).
In the instant case, the plaintiffs testimony was legally sufficient to satisfy his burden of proving that the defendants had failed to pay the plaintiff percentage bonuses pursuant to the parties’ oral agreement. The existence of such evidence, whether ultimately believed or rejected by the trial judge, entitled the plaintiff to the allowance of his warrant requests 1 through 4, “or to findings of facts showing that the requested ruling had become irrelevant.” Bresnick v. Heath, supra at 298-299; Rock-Ola Mfg. Corp. v. Music & Telev. Corp., 339 Mass. 416, 422 (1959). The simplest method of avoiding Rule 64(b) error in this case would have been a straightforward allowance of the plaintiff’s warrant requests. Hoffman v. Chelsea, supra at 57. Alternatively, the trial judge could have clarified his denial of the plaintiff’s warrant requests by making separate, written findings of fact to demonstrate that the legal existence of evidence in the plaintiff’s favor was irrelevant given the court’s factual acceptance of the credibility and dispositive weight of contradictory evidence introduced by the defendants. Liberatore v. Framingham, 315 Mass. 538, 544 (1944). See generally, Richards v. Gilbert, 336 Mass. 617, 618 1958). Such disposition would have properly discharged the trial judge’s duty to pass upon relevant requests for rulings *252 in such away as to demonstrate that the judge has not committed an error of law, Stella v. Curtis, 347 Mass. 458, 461 (1965), by disregarding material evidence and would have effected the necessary separation of the court’s legal rulings from its factual findings sought by all requests for rulings. See Caleb Pierce, Inc. v. Commonwealth, 354 Mass. 306, 312 (1968); Hogan v. Coleman, 326 Mass. 770, 772 (1951).
In the absence of such findings, the court’s denial of the plaintiffs warrant requests constituted an erroneous ruling of law that no evidence was introduced at trial to permit a finding for the plaintiff. Rummel v. Peters, supra at 517. The trial court’s oral outline at the conclusion of trial of the issues presented by the evidence was correct, but cannot serve as a substitute for the specific, written findings of fact required in this case to separate the legal rulings and factual findings actually made by the court and forming the basis of its ultimate judgment for the defendants. Upon reflection, the trial judge may have deviated from the approach he had outlined for the parties. Further, such outline indicates that the court’s ultimate finding could have been based on either an assessment of the credibility of the plaintiff s testimony as to the parties’ oral agreement, or on rulings of law as to the existence, nature and validity of such agreement, including the sufficiency of the evidence on these issues. See Deutsch v. Ormsby, 354 Mass. 485, 488 (1968).
In short, there is nothing in the report to establish that, despite his unexplained denial of the plaintiffs warrant requests, the trial judge properly recognized and considered all evidence which warranted a finding in the plaintiff s favor. Accordingly, it is appropriate
to repeat what has been said often enough to bring it home to all judges who sit without jury, that where a judge in making his decision does consider all the evidence, and his decision does not resultfrom any conviction that the evidence is insufficient as a matter of law, he need not hesitate to grant... a [warrant request] if he believes it to be correct, instead of raising a really moot but nevertheless dangerous question by refusing-or ignoring [the request].... If in such a case, however, a judge chooses to take the opposite course of refusing the requested ruling, either expressly or impliedly by ignoring it, and decides the case against the party presenting the request, he should make such findings, stated to be findings of fact upon all the evidence, as will show that his decision is not the result of any ruling that the evidence is insufficient as a matter of law to warrant a finding in favor of that party....
Liberatore v. Framingham, supra at 541-542.
The trial court’s judgment for the defendants is hereby vacated, and this action is returned to the Newton Division for a new trial.
So ordered.