Dolan, PJ.
This is an action in which plaintiff seeks to recover for money loaned to defendant, her daughter, for construction of an in-law apartment on property then owned by defendant. Defendant counterclaimed for the fair rental value of the in-law apartment that became occupied by plaintiff, and for other damages. The court found for the plaintiff on her claim and awarded damages of $31,500. The court found for the defendant on her counterclaim and awarded damages in an equal amount. Plaintiff has appealed from the finding against her on defendant’s counterclaim. Neither party appealed from the finding for plaintiff on her claim. There is no error.
At the close of the trial and before final arguments, the plaintiff filed nine Dist./ Mun. Cts. R. Civ. R, Rule 64(b) requests for rulings of law. The court made no written findings and did not act on these requests. Failure to act on the requests constitutes a denial of the requests. Kravetz v. Lipofsky, 294 Mass. 80, 84 (1936).
Seven of these requests, in various forms, seek a ruling that a finding for the plaintiff is warranted. Such requests raise the issue of the sufficiency of the evidence by seeking the determination that a finding in favor of the requesting party is legally permissible given all of the evidence addressed at trial, notwithstanding the judge’s eventual assessment of the weight and credibility of such evidence or the judge’s final decision in the case. Cooperstein v. Turner Brothers Construction, Inc., 1992 Mass. App. Div. 249, 251. Plaintiff was entitled to such a ruling if any reasonable view of the evidence would support such a finding. Hoffman v. Chelsea, 315 Mass. 54, 56 (1943).
In this case, the report establishes that there was evidence that defendant admitted receipt of money from plaintiff. In addition, the report establishes that there was evidence that the money was intended as a loan. Such evidence would permit a fact finder to make a finding for the plaintiff on her claim for money loaned. Denial of these requests was error. However, despite denying plaintiffs requests that a finding could be made in her favor, the court found in her favor. The court’s error in denying these requests is harmless because plaintiff is not prejudiced. See Rule 61.
The other two requests sought a ruling that a finding for the defendant is not warranted. These requests were properly denied. There was evidence that plaintiff occupied the in-law apartment and of its value. The court could infer that there was to be compensation to the defendant for the use of the in-law apartment as well as compensation to the plaintiff for the loan of money.
Report dismissed.