Gelinas, J.
Plaintiff Instant Image Print Shop, Inc. (Instant) brought an action against, among others, defendant Stephen F. Keating (Keating), attempting to establish Keating’s personal liability for debts incurred by LaVigne Keating Co., Inc., (the Corporation), a Massachusetts corporation of which Keating was treasurer and director. The complaint alleged that as the corporation came into financial difficulty and subsequent to a written agreement in settlement of a prior law suit, resulting in Instant’s removing a trustee attachment of Corporation’s funds, Keating as treasurer made certain false representations to Instant concerning two matters. The first of these alleged a representation concerning the Corporation’s intent to pay for certain corporate checks that had been returned; the second allegation was that the Corporation would place certain business with Instant, with a part of Corporation’s “markup” on this business to be applied directly to an acknowledge debt owed Instant by Corporation. Eventually Corporation failed without paying its debt and Instant seeks payment from Keating individually, arguing that the false representations made by Keating, even though in his corporate capacity as treasurer, give rise to personal liability as tortious acts.
*75 After trial the judge made certain findings of fact and found that Instant had been damaged in the amount of $11,271.46. Among the judge’s findings were that
1. “Plaintiff accepted additional work extending credit to the corporate defendant in reliance upon Keating’s representation.”
2. “The plaintiff relied upon representatives (sic) which were made by Keating.”
3. “Keating knew plaintiff would so rely.”
4. “The representative (sic) were either 1) false when knowingly made by Keat-ing, or 2) intentionally not carried out by Keating.”
5. “In either event Keating is personally liable for damages flowing from fraud or intentional interference with the contractual relation between the parties.”
Having found for Instant, the judge declined to act upon Instant’s requests for findings and rulings, deeming them waived. Keating filed three requests for rulings of law[4] on which no action was taken.
Instant seeks recovery from Keating personally on three grounds: that Keating made false representation to Instant that certain returned checks would be paid and they were in fact not paid; that Keating made false representation that sufficient business would be placed with Instant that, when portions of Corporation’s markup were additionally taken by Instant, would be sufficient to satisfy the outstanding liability; and that Keating had Corporation bill a mutual client directly, contrary to his representation that Instant would be paid and could keep the proceeds.
As to the first allegation, that representations were made concerning the payment of certain checks, the judge made no finding and the record does not warrant finding any representation to this effect. With regard to the two remaining grounds, we find that Keating nowhere challenged the sufficiency of the evidence. All three requests for rulings of law subsequently presented to the Appellate Division are correct statements of law but their allowance would not change the outcome of the case given the trial judge’s findings of fact.
To the extent that the defendant’s appeal questions the sufficiency of the evidence, such a challenge cannot be heard. “The correct method for the defendant to challenge the sufficiency of evidence to warrant a finding for the plaintiff was to file a request for ruling substantially in the form required by rule 64A(b) (2), Dist./ Mun. Cts. R. Civ. P. None of the requests filed by the defendant squarely raises the issue of the sufficiency of evidence to warrant a finding for the plaintiff.” O’Sullivan v. Shaw's Supermarket, 1997 Mass. App. Div. 1. No such request was filed by the defendant in the instant case.
There is in the record sufficient evidence to warrant the Trial Court’s factual findings. It was the duty of the judge to resolve conflicting factual issues presented by the evidence and when this is done these findings are not reviewable. Safety Fund Bank v. Hurtubise, 1996 Mass. App. Div. 207. If the trial judge makes one of several possible choices of what facts are supported by the evidence, the judge’s choice is not clearly erroneous. W. Oliver Tripp Co. v. American Hoechst Corp., 34 *76 Mass. App. Ct. 744,751 (1993). Where the Trial Court’s findings are supported by testimony and other evidence, the Appellate Division does not usurp the fact finding role of the Trial Court. See Nicholas v. John Hancock Mutual Life Insurance Co., 1996 Mass. App. Div. 172, 173.
Defendant’s status as a corporate officer does not shield him from liability in the instant case. Under Massachusetts law, corporate officers are personally liable for any tortious activity in which they personally participate, see Frontier Management Co. v. Belboa Ins. Co., 658 F. Supp. 987, 991 (D. Mass. 1986). A corporate officer may be liable for his own fraudulent representations and is not protected because his representations were made while acting in official corporate capacity. Frontier Management Co. at 993. What is required is some showing of direct personal involvement by the corporate officers in some decision or action which is causally related to plaintiff's injury, See Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 907 (1st Cir. 1980). An officer who is a “moving, active conscious force” behind a corporate tort has been held liable for damage. See Polo Fashions, Inc. v. Branded Apparel Merchandising, Inc., 592 F. Supp. 648, 652 (D. Mass. 1984). An individual is not immunized as an officer of a corporation for the acts he is alleged to have committed personally. Nader v. Citron, 372 Mass. 96, 102 (1977). A corporate officer is liable for torts in which he personally participated whether or not he was acting within the scope of his authority. LaClair v. Silberline Manufacturing Co., Inc., 379 Mass. 21, 29 (1979).
Persons who control a corporation may be held liable along with the corporation for torts committed by them in connection with corporate business. Lawrence Trust Co. v. Sun-American Pub. Co., 245 Mass. 262, 266 (1923). Corporate employees are not shielded from liability because the wrongful acts occurred in the course of employment. See United Truck Leasing Corp. v. Geltman, 406 Mass. 811 (1990). Corporate employees are liable for torts in which they personally participated. Lyon v. Morphew, 424 Mass. 828, 831-832 (1997). “An agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal, ...” RESTATEMENT (SECOND) OF AGENCY, §343 (1958). All parties engaged in committing an intentional tort may be held jointly and severally liable for the wrong. Refrigeration Discount Corp. v. Catino, 330 Mass. 230, 235 (1953).
One who fraudulently makes a representation of fact or intention for the purpose of inducing another to act or refrain from action in reliance thereon in a business transaction is liable to the other for the harm caused to him by his justifiable reliance upon the false representation, see Graphic Arts Finishersz, Inc. v. Boston Redevelopment Authority, 357 Mass. 40, 44 (1970). A fact is something susceptible of knowledge. Zimmerman v. Kent, 31 Mass. App. Ct. 72, 79 (1991). The trial court reasonably determined that defendant’s representations concerning new and continuing business for Instant which, when coupled with allocation to Instant of an additional part of the markup were of factual matters which were susceptible of knowledge.
Even if the defendant’s statements are viewed as representations about future events, they are actionable. “Massachusetts law clearly states that statements of present intention as to future conduct may be the basis for a fraud action if... the statements misrepresent the actual intention of the speaker and were relied upon by the recipient to his damage.” McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 709 (1990).
Alternatively where, as here, defendant is in a position where he should have superior knowledge concerning the matters to which the misrepresentations relate, the plaintiff may recover. See Zimmerman, at 80. In relation to the plaintiff, only the defendant would have known that LaVigne Keating would not place more and larger jobs with the plaintiff.
*77 The trial judge was warranted in finding that the knowledge and intention of the defendant was demonstrated by repeated promises to place more and larger jobs with the plaintiff in accordance with the settlement agreement, promises contradicted by ongoing efforts to renege on the payment of mark-ups to the plaintiff and by Trial Exhibit Number 7 in which he impliedly conceded that business that should have gone to the plaintiff had gone to a competitor willing to accept a less favorable apportionment.
The evidence was sufficient to warrant the trial judge finding that promises had been made which amounted to false representations of fact and intention, that the purpose of the promises was to induce the plaintiff to act or to refrain from actions and that the plaintiff suffered pecuniary loss as a result of its justifiable reliance. See RESTATEMENT (SECOND) OF TORTS, §§525 and 537.
With regard to the trial judge’s failure to act on the defendant’s requests for rulings of law, it is clear that a failure to act is deemed a refusal of the requests where the general finding is adverse to the requesting party, DiPerrio v. Holden, 341 Mass. 342 (1960), but there was no error in the denial of the requests, given the judge’s special findings. Request for rulings are properly denied where they are rendered, as here, immaterial in view of the judge’s findings and conclusion, Liberatore v. Framingham, 315 Mass. 538, 541-542 (1944).
Judgment for the plaintiff is affirmed and the case is returned to the Worcester Central District Court with an order that the docket reflect that the appeal is dismissed.

 These requests for rulings of law were not originally included in the Appendix to Keating’s brief. During oral argument both counsel agreed that requests had been timely filed. By motion made and allowed in the Appellate Division subsequent to oral argument the Record Appendix was amended to include these requests. The record from the District Court did not include a copy of the complaint. In the Appellate Division a document entitled “Affidavit of Henry Miche, Treasurer of Instant Image Print Shop, Inc. D/B/A Image Press in support of motion for Ex Parte Attachment of Real Estate,” was included in the Appendix and it appears in fact to be the complaint.