Coven, J.
This is a Dist/Mun. Cts. R. A D. A, Rule 8C, appeal by the defendant-tenant of a finding for possession and unpaid rent in favor of the plaintiff-landlord after a summary process bench trial. The defendant-tenant argues that the trial judge improperly denied its requests for rulings of law, and erred in not ruling upon each of his counterclaims.
1. The defendant’s charge of error in the trial judge’s disposition of his requests for rulings compels us, once again, to reiterate a few elementary principles about requests for rulings which are governed by Mass. R. Civ. R, Rule 64A There are basically two types of requests for rulings of law. The first is a Rule 64A request for a substantive ruling of law which “require [s] the trial judge to ‘state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved.’” Cooperstein v. Turner Bros. Constr., Inc., 1992 Mass. App. Div. 249, 251, quoting from Hogan v. Coleman, 326 Mass. 770, 772 (1951). Such a request is a simple, single “statement of a correct principle of substantive or procedural law, pertinent to the issues and applicable to the evidence which should govern the trial judge’s resolution of the factual disputes in a case.” Cooperstein v. Turner Bros. Constr., Inc., supra at 251. The content of Rule 64A(a) requests for rulings “is as endlessly varied as the diverse questions of law which may arise from any conceivable set of facts and circumstances resulting in civil litigation.” Id.
Conversely, the specific form and content of the second type of request for ruling of law dealing with the single issue of the sufficiency of the evidence is prescribed by Rule 64A(b). Where a party seeks a ruling by the trial judge that it has met its burden of production, the appropriate request for that party to file is the one set forth in Rule 64A(b) (1), which is: “The evidence warrants a finding for (requestor).” Where a party seeks instead to preserve its challenge to the legal sufficiency of the evidence to support his opponent’s claim, the party must file a Rule 64A(b) (2) request in the following form: “The evidence does not warrant a finding for (opponent party) and therefore a finding for (requestor) is required as a matter of law.” Rule 64A(b) (1) sets forth what is commonly referred to as a “warrant” request Rule 64A(b) (2) provides the form for what is known as a “required” request It is that simple.
Requests for rulings of law are obviously designed to secure rulings of law and preserve them for appellate review. A trial judge must act upon proper requests for rulings. However, in district court trials without a jury, the judge is not required to make findings of fact Mass. R. Civ. R, Rule 52(c). Thus it follows that a judge may properly refuse to act on either a request for a finding of fact, The Lenco Pro, Inc. v. Guerin, 1998 Mass. App. Div. 10, 12, or a request which presents a mixed question of feet and law. Meagher v. United States Fidelity & Guar. Co., 1994 Mass. App. Div. 134, 135. And there are additional limits. A trial judge may simply deny or allow a request *73 without explanation, Washington 138 LLC v. Reivax Properties, LLC, 2001 Mass. App. Div. 202, 203, is under no obligation to correct an improperly drafted request, Liberatore v. Framingham, 315 Mass. 538, 543 (1944); Ferguson v. Ashkenazy, 307 Mass. 197, 203 (1940), may properly deny a request that is confusing or ambiguous, Caputo v. Olsen, 1989 Mass. App. Div. 118, 121, and may also deny a “warrant” request that is not in proper form. The Lenco Pro, Inc. v. Guerin, supra at 12.
In this case, the defendant filed at the close of the evidence what he labeled as “Defendant’s Proposed Findings of Fact and Rulings of Law.” Where a party submits requests that seek findings of fact and rulings of law, without identifying which requests fall into each category, a trial judge “[b]ecause a party is generally not entitled to findings of fact upon mere request in a district court civil action ... [can require the party] to specify which of [his] requests were intended as... requests for rulings of tew.” Kiley v. Dingwell, 1993 Mass. App. Div. 196. The judge did not follow that approach in this case, but instead simply denied the defendant’s requests with the general notation that they presented “questions of fact and/or mixed questions of fact/rulings of law.” Such a general disposition would ordinarily constitute error.
It is elementary that a trial judge ‘must pass upon pertinent requests for rulings of law.... in such a way as to make plain that he has not fallen into error,’ Home Savings Bank v. Savaransky, 307 Mass. 601, 603 (1940), and in ‘such a manner that the requesting party can ascertain, for purposes of appeal, whether the judge applied the correct principles of law in deciding the case.’ Petition of New Bedford Child & Family Serv. to Dispense with Consent to Adop., 385 Mass. 482, 491 (1982). A trial judge’s Rule 64[A] duty to rule on a parly’s requests is not satisfied by a general statement of assorted, possible request dispositions.
Id. at 197.
The defendant has not raised or argued the judge’s general disposition as error,[1] but instead argues that the judge erred in denying those requests that were set out in boldface. Each of these requests was introduced by the following language: “The evidence warrants and/or requires. ...” Contrary to the defendant’s contention, these requests were not in the proper form dictated by Rule 64A(b). The alternative phraseology precluded any clear or straightforward disposition. Allowance of the requests would have signified that the evidence warranted the finding requested and also required it The latter ruling is rarely appropriate. A required finding can be granted only when, as a matter of law, there is no evidence to support the opposing party and binding evidence dictates a finding in favor of the requesting party. Memishian v. Phipps, 311 Mass. 521, 522 (1942). The denial of any of the requests could have signified that the evidence introduced at trial was not binding or determinative, or that the evidence was, in degree, less than that which would be sufficient to sustain the requesting party’s burden of production.
*74 In any event, the trial judge was “entitled to deal with [the] requests ... as presented.” Dowse, Inc. v. Brockunier, 1992 Mass. App. Div. 44, 45. As the form of the requests precluded any disposition that was not ambiguous or confusing, their denial by the trial judge was appropriate.
2. The defendant-tenant filed seven counterclaims. The trial court’s judgment recited: “On counterclaim: Finding for Plaintiff and Defendant-in-Counterclaim....” The defendant argues that the judge’s failure to consider each individual counterclaim is self-evident from his ruling upon only a single unidentified counterclaim. The defendant is, of course, correct in his contention that a party has a right to have each counterclaim addressed and adjudicated. Locke v. Austin, 1999 Mass. App. Div. 257, 258. Unlike Locke, however, this case involved requests for rulings on all of the defendants counterclaims and the judge’s response thereto. By ruling upon the requests, the trial judge was obviously aware that the defendant had filed multiple counterclaims. In the absence of any motion for clarification or new trial, we reject the defendant’s contention that the use of the word counterclaim in the singular as opposed to the plural automatically compels the conclusion that the trial judge failed to pass upon each counterclaim presented.
Appeal dismissed.
So ordered.

 We have reviewed all of the defendant’s requests to determine if they were appropriate requests for rulings of law which required the judge’s disposition. They were not Each request was either one for a finding of fact or mixed question of fact and law, or was simply not in proper form. The judge’s error in the manner in which he dealt with the requests was thus harmless.
During oral argument the defendant drew attention to the denial of a request which sought a ruling that the defendant did not need to send Plaintiff a demand letter regarding the 93A claims because they are in the form of a counterclaim. See G.L.c. 93A §9.” That issue was not briefed by the defendant however, and is deemed waived. Dist/Mun. Cts. R A D. A, Rule 16(a)(4). In fact the issue was not even contested at trial.