Ripps, J.
In this action, the plaintiff alleged that employees of the defendant’s sports bar negligently allowed glass bottles in the dance floor area and then failed *18 to promptly respond when he was assaulted. The trial judge found for the defendant and the plaintiff has appealed pursuant to Dist./Mun. Cts. R. A D. A., Rule 8C, on grounds that the judge erred: (1) by refusing to rule on his Request for Rulings; (2) by not correctly sanctioning the defendant for withholding the names of the security employees working that night (spoliation); (3) by allowing in evidence inadmissible hearsay of non-present persons as to the practices of the bar; (4) by allowing the improper use of the plaintiff’s medical records; (5) by admitting in evidence a remark made by the defendant; and (6) by entering a judgment for the defendant which was against the weight of evidence. We determine that the judge’s failure to answer the Requests for Rulings amounted to reversible error.
The plaintiff visited the defendant AAC Sports Cafe in Milford about 11:30 p.m. on July 15,2000. Shortly after he arrived, the plaintiff alleged he was attacked and struck in the face and head with glass bottles and that the defendant failed to provide a safe environment. Within two months, counsel for the plaintiff communicated with the defendant about the claim. The complaint was filed on October 31, 2001. During discovery, the plaintiff filed interrogatories requesting the name of each employee who was present and witnessed the incident. The defendant answered that it “has made a reasonable search but has been unable to find records which would indicate the names of the employees working at the time” although on a week-night in the summer there usually are 6 bartenders, 8 security personnel and 3 servers present.
The matter came on for trial on September 10, 2003. At that time,[1] the plaintiff filed a Motion for Sanctions pursuant to the “Doctrine of Spoliation” seeking to preclude the defendant from calling witnesses because the defendant refused to allow the plaintiff to discover who was employed during the incident by claiming it had no records. The plaintiff believed that such records had to exist and by failing to turn them over, the plaintiff could not prepare its case. The judge denied the Motion.
“A judge has broad discretion to malee evidentiary rulings, including the power to exclude evidence that would unfairly prejudice an opposing party. See Nally v. Volkswagen of Am., Inc., 405 Mass. 191, 197 (1989). In a case involving spoliation, exclusion of evidence both sanctions the party responsible for destroying certain evidence and remedies the unfairness that such spoliation created. See Kippenhan v. Chaulk Servs., Inc., 428 Mass. 124, 127 (1998).” Gath v. M/A-Com, Inc., 440 Mass. 482, 488 (2003).
We are concerned that the plaintiff did not file a pre-trial Motion for Sanctions or ask for a hearing on his Motion to Compel the Production of Documents, if it related thereto, at which time the judge would have been in a better position to facilitate the production of documents necessary for the plaintiff. Given the issue of timeliness, and our ultimate conclusion, we will not reach this issue.
As to the other evidentiary issues, the defendant introduced testimony as to its security practices, including the number and placement of security personnel and policies relating to the flow of patrons and presence of glass bottles. Evidence of business habit as opposed to personal habit is admissible. See Palinkas v. Bennett, 416 Mass. 273, 276-277 (1993) (evidence of a business habit may be admissible to prove whether an act was performed in accordance with the habit). The judge did not abuse his discretion.
Aso, the medical records submitted by the plaintiff were admissible as to the contents thereof and could be used to refresh his recollection.
The judge allowed the plaintiff to be asked whether before the incident, he had bragged that he was 50-0 in fights. We doubt that under these circumstances, such *19 information would be relevant or probative, however the question was asked, but not answered. A question put to a witness is not evidence, only the answer is. Because there was no answer, there was no evidence of the plaintiffs fighting prowess. Therefore, the plaintiff could not have been prejudiced and there was no error.
At the end of the trial, the plaintiff filed Requests for Rulings of Law par. 15-22. In response thereto, the judge wrote:
Plaintiffs Requests for Rulings - The court declines to rule on plaintiff’s requests for rulings of law as the requests do not comply [with the formulaic requirement of Rule 64A(b) (2) (‘In District Court proceedings, to obtain a ruling that the evidence is insufficient as a matter of law to permit a general finding in the opposing party’s favor, the requesting party shall file a written request for such ruling substantially in the following language: “The evidence does not warrant a finding for [opponent party] and therefore a finding for [requester] is required as a matter of law.”' Stigum v. Skloff, 433 Mass. 1101 (2001). [sic]
Pursuant to Mass. R. Civ. R, Rule 64A, requests for rulings of law shall be in writing and present a single issue of law and shall be sequentially numbered. “With the exception of requests addressed to the sufficiency of the evidence, each request shall also concisely state the relevant principle of law and should be supported by appropriate legal citation.” Several of the plaintiff’s requests were not requests addressed to the sufficiency of the evidence, but were relevant principles of law supported by a legal citation.
Requests for rulings of law are “the only certain means by which a party can secure a separation of law from fact in cases tried without a jury.” Brossi v. Fisher, 1999 Mass. App. Div. 99. Requests for rulings are the primary method of raising and preserving an issue of law as to the sufficiency of the evidence. Maccarone v. Phillips, 1986 Mass. App. Div. 17, 19. “[A] trial judge is obligated to act upon requests for rulings of law which state correct legal principles and which are both pertinent to the issues and applicable to the evidence.” Bangs v. Farr, 209 Mass. 339, 344 (1911); Manchester Supply Co. v. Appell, 1990 Mass. App. Div. 204. The character of a request is determined not by its caption, but by its nature and substance. Castano v. Leone, 278 Mass. 429, 431 (1932); Manchester Supply Co. v. Appell, supra. Such a request is a simple, single “statement of a correct principle of substantive or procedural law, pertinent to the issues and applicable to the evidence which should govern the trial judge’s resolution of the factual disputes in a case.” Interama, Inc. v. Mahdi Sadik Quieri, 2002 Mass. App. Div. 72, quoting Cooperstein v. Turner Bros. Constr., Inc., 1992 Mass. App. Div. 249, 251. The content of requests for rulings “is as endlessly varied as the diverse questions of law which may arise from any conceivable set of facts and circumstances resulting in civil litigation.” Id.
When a judge fails or refuses to act on the defendant’s requests for rulings of law, it is deemed a refusal of the requests where the general finding is adverse to the requesting party. Instant Image Print Shop, Inc. v. Lavigne, Keating, Halstead, Inc., 1998 Mass. App. Div. 74. However, when a trial judge’s thought process is well-articulated both in fact and law by written findings and conclusions, specific rulings on each and every request for ruling is superfluous. Gonsalves v. European Engineering Sales & Service, Inc., 2001 Mass. App. Div. 231. The judge herein made no written findings. Therefore, we must look to whether the requests for rulings of law stated correct legal principles and were pertinent to the issues and applicable to the evidence to determine if the failure to respond to them was error.
At issue was: whether the defendant and its employees were negligent in being *20 unable control the crowd and enforce the rules keeping beer bottles from the dance floor; and whether they were negligent in failing to protect the defendant from further harm once he was being assaulted. The plaintiff’s request 15 stated:
The plaintiff has demonstrated by a preponderance of the evidence that the Defendant’s wrong conduct caused his injuries.
This request is pertinent to the issues and applicable to the facts and relates to the sufficiency of the evidence. It should have been answered.
Request 16 stated: “Negligence may consist in the failure against the wrongful and even criminal acts of third persons. Bellous v. Worcester Storage Company, 297 Mass. 188 (1937) .”[2] The statement is incomplete and comes from the sentence, “There can be no question that negligence may consist in a failure to guard against the wrongful and even criminal acts of third persons.” At p. 195. The judge is not required to look up missing words in a request for ruling where the missing words were not obvious and were important to file request. Denial of this request was warranted.
Request 17 stated:
To recover, a Plaintiff need only prove that the Defendant took a risk with respect to the public’s safely that a person of ordinary prudence would not have taken, and that the Plaintiff suffered a resulting injury that was within the foreseeable risk. Cimino v. Milford Keg, Inc., 385 Mass. 323, 330 (1982).
This request is a correct statement of law as to a tavern keeper’s duly to the public when knowingly serving an intoxicated person. But, it also deals with other types of harm caused by negEgent acts. “It is basic that a defendant cannot be held Hable unless the injury was a foreseeable consequence of the negEgent act” Wiska v. St. Stanislaus Social Club, Inc., 7 Mass. App. Ct. 813, 818 (1979). The judge should have responded as it related to whether the Hijury was a foreseeable consequence of the negligent acts aHeged, i.e., Mure to control the crowd, keep bottles from the dance floor.
Request 18 stated: ‘The acts of a third party does not excuse the first wrongdoer if such act was or should have been foreseen. Gidwani v. Wasserman, 373 Mass. 162, 166 (1977).” Therein, the landlord disconnected the alarm at the tenant’s store and it was later burglarized. However, the rule could be appHed to the failure of the defendant’s employees to stop bottles from entering the dance floor, the foreseeable result being that they might be used to assault someone.
Request 19 stated: ‘The attacks on the Plaintiff at the Defendant’s establishment were reasonably foreseeable based upon the conduct of the assailants. See Allenby v. M & C Enterprises, Inc., 3 Mass. App. Ct. 700 (1975).” Therein, the plaintiff, a customer in the defendants bar, was injured when struck by another customer. The court said: (1) that it was the defendant’s duty to exercise reasonable care to prevent injury to the plaintiff by the acts of third persons whether accidental, negligent or intentional, citing Carey v. New Yorker of Worcester, Inc., 355 Mass. 450, 452 (1969) and Sweenor v. 162 State St. Inc., 361 Mass. 524 (1972), and, (2) that because the bartender observed the assailant’s behavior, he should have reasonably anticipated the likelihood of injury to the plaintiff and taken appropriate steps to prevent it, citing McFadden v. Bancroft Hotel Corp., 313 Mass. 56, 60 (1943); Greco v. Sumner Tavern Inc., 333 Mass. 144, 145 (1955); Quigley v. Wilson Line of Mass. Inc., 338 Mass. 125, 128, 129 (1958); Wood v. Ray-Al Cafe, Inc., 349 Mass. 766, 208 N.E.2d 225 (1965). The cited case was directly on point with issues in this case and the judge should have addressed it.
*21 Request 20 stated: “Deterrence in the form of prohibiting glass bottles from the dance floor and/or enforcing a policy to that effect is evidence of negligence.” The request is not a statement of law and the judge did not have to respond and denial was appropriate.
Request 21 stated: ‘The plaintiff is entitled to recover the reasonable expense he incurred for reasonable and necessary medical treatment.” This request fails to state a proposition of law as it might have if the sentence concluded with “caused by the defendant’s negligence.” The judge did not have to respond.
Request 22 stated: “The Plaintiff is entitled to recover for pain and suffering together with damages for past, present and future pain and suffering and anguish. Stella v. Curtis, 348 Mass. 458, 463 (1965).” As noted in our treatment of Request 21, this Request failed to state a proposition of law as it did not conclude with “caused by the negligence of the defendant.” The judge did not have to respond.
The judge should have responded to Requests 15,17,18,19, but not Requests 16,20,21,22. Had the judge responded, the parties and this court might have better understood the rationale for his decision. Although District Court judges do not presently have to write findings, we encourage them to write enough to assist us in understanding their decisions, as solely answering Requests for Rulings is not always sufficient for us to understand what was found and why.

 We note that the plaintiff filed a Motion to Compel Production of Documents on April 9,2003, but withdrew it on April 22,2003.We do not know exactly what the plaintiff was seeking to compel.

 The correct case name is Bellows v. Worcester Storage Company.