Hand, J.
The defendant-appellee, Heidi Burbidge (“Burbidge”), lived in a first-floor condominium unit with her eleven year old son, River. Janet Barry (“Barry”) lived in the unit directly above the Burbidge home. This action arose from a fire in the Burbidge unit on September 21, 2004, which spread and caused damage to Barry’s unit.
The Burbidge unit had two bedrooms; Burbidge occupied one, and River slept in the other. At approximately 11:50 EM. on the date in question, in an effort to soothe River to sleep, Burbidge lit a pillar candle that stood on a bedside table in River’s room.[2] Burbidge left River’s room and went into her own bedroom, approximately ten feet away from River’s room, to answer the telephone.[3] As soon as she did so, she smelled smoke. Returning immediately to River’s room, Burbidge saw flames on the floor near the bedside table. The fire was ultimately extinguished by the fire department, but not before Barry’s condominium unit and her personal belongings had been damaged. The fire department identified a candle as the ignition source of the fire, although the precise cause of the fire remains unknown.
The plaintiff-appellant, Premier Insurance Company of Massachusetts (“Premier”), insured Barry for the loss caused by these events. After paying $15,003.48 in proper *152 ty damage benefits related to the fire, Premier filed this subrogation action against Burbidge, alleging that her negligence caused the insurance loss. The matter was tried without a jury. Each party submitted, in a timely manner, proposed findings of fact and rulings of law.[4] After trial, the judge prepared a written order of judgment in Burbidge’s favor. As part of its order, the court responded in detail to Burbidge’s proposed findings of fact,[5] allowed Burbidge’s requests for rulings of law, denied Premier’s proposed findings of fact, and denied Premier’s two proposed rulings of law. Premier has appealed the trial courts denial of its two requests for rulings of law, which stated: (1) “[t] he evidence warrants a finding for the plaintiff,” and (2) "[t]he evidence warrants a finding that the plaintiff’s damages are $15,253.48.”
To obtain a ruling that it had met its burden of production and to preserve its appellate rights on that issue, a district court civil litigant was required, until recently, to file a timely Mass. R. Civ. R, Rule 64A(b) request for ruling of law that "[tjhe evidence warrants a finding for” the requestor.[6] Cardoza v. Cardoza, 2006 Mass. App. Div. 137, 138 (“In order to preserve for appellate review the issue of the sufficiency of evidence ..., it is necessary that a proper request for a ruling of law be presented to the trial judge at the close of the evidence and before final argument.”); Interama, Inc. v. Quieri, 2002 Mass. App. Div. 72 (party seeking a ruling on sufficiency of the evidence presented must submit request conforming with Rule 64A(b)); Johanson v. Aldridge, 1999 Mass. App. Div. 182 (no appellate review of sufficiency of evidence presented at trial in absence of a Rule 64A(b) request for ruling or motion for involuntary dismissal). Although frequently misunderstood to be a request that the proposed finding is required, a “warrant” request is a request for a finding that the evi- *153 dentíary record includes some evidence on which the requested finding could be made. Under the rule, the denial of a “warrant” request is a determination that, as a matter of law, no evidence supporting the requested finding exists. See Rock-Ola Mfg. Corp. v. Music & Television Corp., 339 Mass. 416, 421 (1959), citing Bresnick v. Heath, 292 Mass. 293, 298-299 (1935).
In this case, the evidence presented at trial was legally sufficient to support a finding that Burbidge was negligent and that her negligence was the proximate cause of damages in the amount specified by Premier. Premier was entitled to the allowance of its proposed rulings of law.[7] See Mercier v. Liberty Mut. Ins. Co., 2000 Mass. App. Div. 302, 303 (“” [W] arranfi request must be allowed where any view of the evidence, credibility aside, would allow recovery by the requesting party.”). See also Cooperstein v. Turner Bros. Constr., Inc., 1992 Mass. App. Div. 249, 251-252, citing Rock-Ola Mfg. Corp., supra at 422. The trial court’s error in denying Premier’s requested rulings is, however, not grounds for reversal. The object of the “warrant” request procedure set out in Rule 64A was to require trial judges to make clear the factual and legal bases of their judgments. By making specific written findings of fact, the trial court in this case demonstrated that it had assessed the weight and credibility of the evidence presented at trial. Because the court’s written findings made the legal existence of evidence in Premier’s favor irrelevant, the court’s error in denying Premier’s proposed rulings of law is harmless. See DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 104 (1975), quoting Liberatore v. Framingham, 315 Mass. 538, 542 (1944) (court’s error in denying “warrant” request immaterial where judge makes specific written findings of fact that “show that his decision is not the result of any ruling that the evidence is insufficient as [a] matter of law”); Cournoyer v. Holyoke, 314 Mass. 604, 605 (1943) (requested ruling on “warrant” request, even if incorrect, is rendered immaterial by specific contrary findings made by the court after consideration of the evidence presented at trial); Cooperstein, supra at 251, citing Liberatore, supra at 544.
Judgment affirmed.
So ordered.

 The candle was on a piece of slate 12 to 18 inches away from the bed in which River slept. The windows in River’s room did not have curtains or shades, and were closed.

 Although River’s door remained open, the relative positions of the two bedrooms made it impossible for Burbidge to see all of River’s room from her bedroom.

 Burbidge’s 27 proposed factual findings included the following three, which are relevant to this appeal:
4. Ms. Burbidge did not have fire or other type of insurance on her Unit.
17. Ms. Burbidge could not recall whether there were curtains or other window dressings on River’s windows at the time of the fire.
19. At the same time she answered the telephone Ms. Burbidge testified that she smelled [sic] dropped the telephone, and went into River’s room where she observed small flames on the floor in front of the table.

 As detailed below, the court struck one proposed finding, denied and provided clarification of a second proposed finding, allowed a third proposed finding with factual revision, and then allowed the remaining 24 proposed findings as written. The court stated:
Findings of Fact:
Allowed: Except for #4 - which is stricken.
#17 - Denied - Defendant testified, and I find as a fact that there were no curtains, window dressing, shades or blinds on the windows.
#19 - Allowed, with the additional finding that defendant testified she smelled smoke.

 Rule 64A of the Mass. R. Civ. E was repealed effective March 1, 2008, well after the trial of this action. The procedure for obtaining rulings of law and findings of fact in jury-waived trials in the District Court Department is now governed by Mass. R Civ. R, Rule 52(c).

 Allowing Premier’s “warrant” requests would not have required the judge to rule in Premier’s favor. The existence of evidence does not alter the fact finder’s responsibility to assess the weight and credibility of the evidence presented at trial. See Cooperstein v. Turner Bros. Constr., Inc., 1992 Mass. App. Div. 249, 251.