Bakas, J.
The trial judge’s findings as evinced by the record reveals that on the evening of November 10, 1991 at approximately 11:00 p.m. the plaintiff, ANN MARIE O’SULLIVAN, was injured while on the premises of the corporate defendant, namely, LIU & TAI, INC. d/b/a KING’S CHINESE AMERICAN RESTAURANT, hereinafter referred to as “KING’S.” The circumstances thereof indicate that the plaintiff placed an order for Chinese food with an employee of “KING’S” and paid for it. While waiting for her order she determined from her receipt that she had been overcharged'which prompted her to confront the employee. A hands on dispute followed over the plaintiff’s receipt and as a consequence thereof the plaintiff fell to the floor where she was then kicked by the defendant PHIL LIU (a “KING’S” employee), together with another employee of “KING’S.”
The trial judge’s findings of fact and the ultimate favorable finding for the plaintiff, ANN MARIE O’SULLIVAN, on Count I against “KING’S” and Count III against PHIL LIU of the (first) amended complaint is amply supported by the record. In addition, the record fully supports the court’s findings for all defendants on the *104 other counts. Nor is there any error relative to the court’s findings for the plaintiff, ANN MARIE O’SULLIVAN, on all of the defendants) counterclaims.
The defendants’ grievance and narrow issue for our consideration concerns the plaintiff’s legal theory of recovery. The defendants assert that the trial judge committed error in allowing a recovery grounded upon intentional misconduct (namely assault and battery) given the fact that the plaintiff’s (second) amended complaint was framed on a theory of unintentional misconduct (namely negligence). In substance, the trial judge treated the plaintiff’s (second) amended complaint (containing 2 counts) as being supplemental to the (first) amended complaint, thus, as if having before him Counts I, II, III of the (first) amended complaint together with the 2 supplemental counts which he designated as Counts IV and V. It is the defendants’ contention that the (second) amended complaint was a substitution of the (first) amended complaint and not supplemental, nor could it be scored as an amendment, and, therefore, the only theory of recovery before the court was based on negligence.
The plaintiff’s original complaint (filed August 14, 1992) sets forth six (6) counts. Counts I, II, III and IV are against the corporate defendant “KING’S”; Count V is against a person named WAI LAP LIU; and, Count VI is against the defendant, PHIL LIU. The legal theory against “KING’S” is grounded upon “respondeat superior,” and, “negligent hiring, retention and/or supervision” incident to intentional misconduct, i.e., assault and battery upon (lie plaintiff by “KING’S” employees, WAI LAP LIU and. PHIL LIU. The legal theory relative to both Counts V and VI is based upon intentional misconduct, i.e., assault and battery upon the plaintiff by WAI LAP LIU and PHIL LIU respectively.
Following the filing of the complaint it was determined that the two (2) individuals named as defendants in the original complaint were the same person, namely PHIL LIU. Consequently, the plaintiff pursuant to an assented-to motion to amend the original complaint filed her (first) amended complaint (on December 21,1992) deleting the name and the claim against WAI LAP LIU and setting forth three (3) counts. The legal theory respecting counts I and II against the corporate defendant “KING’S” is grounded upon “respondeat superior,” and “negligent hiring, retention and/or supervision” incident to intentional misconduct, i.e., assault and battery upon the plaintiff by one PHIL LIU an employee of “KING’S.” The legal theory relative to Count III is based upon intentional misconduct, i.e., assault and battery upon the plaintiff by PHIL LIU.
Thereafter, the plaintiff filed a (second) amended complaint (on January 28, 1993) setting forth two (2) counts. Count I is against the corporate defendant “KING’S” and Count II is against the individual PHIL LIU. The legal theory regarding both counts is based upon negligence.
Apart from the (second) amended complaint it appears from the other pertinent pleadings and the trial of the case itself that the plaintiff’s legal theory was based upon an assault and battery or intentional misconduct by the defendant PHIL LIU, and, on the doctrine of respondeat superior against “KING’S” arising out of the assault and battery by “KING’S” employees.
Indeed, counsel for the plaintiff in his opening alludes to me plaintiff being “kicked” and “assault and battery” no less than four (4) times. A colloquy between the trial judge and both counsel during the plaintiff’s opening recognizes the presence of tiie “assault and battery” which resonates throughout the entire record. In fact, the only negative but weak response by counsel for the defendants to an inquiry by the trial judge was that it was defendants’ counsel’s understanding that the assault and battery count “was dismissed from this complaint and no longer before the court, but we’ll find out. I suppose”. Beyond this the only objection by counsel for the defendants was voiced after the trial and during the defendants’ closing argument. At no time during the openings or the trial itself was there any indication by counsel for the defendants that the theory of assault and battery was *105 objectionable or that it was a surprise. Nor was there a request for a continuance by the defendants in order to re-examine their defense or trial tactics given the plaintiffs resurrection of her legal theory based upon assault and battery. Nor was there any objection to any of the evidence pertaining to the assault and battery or that the same was prejudicial to the defendants. Further, the direct and crossexam-ination of the plaintiff centered upon the issue of assault and battery on numerous occasions; and, finally, the trial judge indicated in no uncertain terms before taking the case under advisement that he would resolve the issue of the plaintiffs legal theory in accordance with Mass. R. Civ. R, Rule 15.
On the strength of the obvious objectives and literal meaning of Mass. R. Civ. R, Rule 15(b) entitled Amendments to Conform to the Evidence the trial judge quite properly conformed the pleadings to the evidence inasmuch as the case was clearly tried by implied consent (and arguably express consent) on a legal theory of assault and battery thereby, implicating the application of Rule 15(b). In short, the instant case was tried on the theory of assault and battery, even though, the last pertinent pleading, i.e., the (second) amended complaint, rested upon a theory of negligence. Mass. R. Civ. R, Rule 15(b) states that:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence, (emphasis supplied)
Even if it could be suggested that there was no request by the plaintiff to amend per Rule 15(b) (and we do not intimate that this is so, in fact, the transcript at pages 150-156 clearly indicates otherwise) the rule does not prohibit a trial judge from amending the pleadings to conform to the evidence on his own initiative. Indeed, the rule states that even the “failure to amend does not affect the result of the trial of these issues.” And, it should be noted that the defendants’ failure to object to the assault and battery evidence or that the admission thereof would prejudice them or to request a continuance as set forth in Rule 15(b) does nothing to enhance the merits of their appellate posture.
A cogent case within the orbit of Rule 15(b) is Republic Floors of New England, Inc. v. Weston Racquet Club, Inc.; CPR Industries, Inc., 25 Mass. App. Ct. 479, 487-488 (1988) where the prayer for relief relative to damages was based on negligence rather than for breach of warranty, it was error not to submit the warranty claims to the jury pursuant to Rule 15(b) given the fact that the claims “were tried on a warranty theory by implicit consent.” The court also cited Gallant v. Worcester, 383 Mass. 707, 709 (1981) and Whitinsville Plaza, Inc. v. Kosteas, 378 Mass. 85, 89 (1979) for the well established principle, that, “under current Massachusetts practice there is no requirement that a complaint state the correct substantive theory of the case.” In addition, see Ames v. Beal, 284 Mass. 56, 61-62 (1933) where it was held that the trial judge rightly ruled that there was a variance between the pleadings and the proof. Furthermore, it was concluded by the court that “there is no error in the allowance of an amendment to the pleadings after trial if the issues presented by the amendment were fully and fairly tried.”
*106 See also National Medical Care, Inc. & another v. Sheldon Zigelbaum, 18 Mass. App. Ct. 570, 578-579 (1984) where the affirmative defense of estoppel was not affirmatively pleaded as required by Rule 8(c) but, held nevertheless “even though estoppel is not affirmatively pleaded, if the issue is tried by the express or implied consent of the parties and there is no prejudicial surprise, it is treated as if it had been raised in the pleadings without regard to whether the pleadings are amended to conform to the evidence. See Mass. R. Civ. R, Rule 15(b), 365 Mass. 761 (1974); Tillman v. National City Bank, 118 F. 2d 631, 635 (2d Cir. 1941 ); Jakobson v. Massachusetts Port Authority, 520 F.2d 810, 813-815 (1st Cir. 1975); Mason v. Hunter, 534 F. 2nd 822, 825 (8th Cir. 1976); Jones v. Miles, 656 F. 2d 103, 107 (5th Cir. 1981); 2A MOORE’S, FEDERAL PRACTICE par. 8.27(3) (2d ed. 1984); 5 Wright and Miller, supra." See also, Worcester Ins. Co. v. Fells Acre Day School, Inc., 408 Mass. 393 (1990); Reilly v. M.B.T.A., 32 Mass. App. Ct. 410, 414-415 (1992) and Wolfe v. Ford Motor Co., 6 Mass. App. Ct. 346, 355 (1978).
See also, G.L. (Ter. Ed.) c. 231, §51, as hereinafter set forth:
In all civil proceedings, the court may at any time, allow amendments adding a party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought... (emphasis supplied).
Given the tortuous history of the plaintiffs legal theory of recovery as demonstrated by her several complaints in the context of all of the aforesaid we conclude that the action of the trial judge pursuant to Rule 15(b) and G.L. (Ter. Ed.) c. 231, §51, prevented form from prevailing over substance, unfairness from prevailing over fairness or the tail from wagging the dog, as it were. In substance, he effectuated the purpose and objective of both Rule 15(b) and G.L. (Ter. Ed.) c. 231, §51; and, we therefore affirm the judgments rendered by him.