EGIL STIGUM *vs.* ROBERT SKLOFF. April 12, 2001. *Practice, Civil,* Appeal, Failure to raise issue, Findings by judge. *District Court,* Appellate Division.

The plaintiff, Egil Stigum, brought suit on a promissory note, and after trial a judge in the Boston Municipal Court Department (BMC) found for the defendant, Robert Skloff. The plaintiff appealed to the Appellate Division of the BMC (appellate division), which affirmed the judgment. The plaintiff appealed to the Appeals Court. We granted his application for direct appellate review. We affirm for the reasons stated by the appellate division.

The plaintiff failed to preserve his appellate rights in two respects. First, although he included in his notice of appeal to the appellate division the trial judge's refusal to rule on his requests for rulings of law because they were "unreasonably excessive," see Mass. R. Civ. P. 64A, 423 Mass. 1410 (1996), he never addressed the issue in his appellate brief. The issue is deemed waived. See Rule 16 (a) (4) of the District/Municipal Rules of Appellate Division Appeal (2001). See also *Meyer* v. *Wagner*, 429 Mass. 410, 411 n.1 (1999).

Second, the plaintiff's challenge to the sufficiency of the evidence did not comply with the formulaic requirement of rule 64A (b) (2) ("In District Court proceedings, to obtain a ruling that the evidence is insufficient as a matter of law to permit a general finding in the opposing party's favor, the requesting party shall file a written request for such ruling substantially in the following language: 'The evidence does not warrant a finding for [opponent party] and therefore a finding for [requestor] is required as a matter of law' ").

The judge's brief (two page) memorandum of decision does not constitute findings of fact under Mass. R. Civ. P. 52 (c), as appearing in 423 Mass. 1408 (1996), from which the plaintiff may appeal. It is an informal summary of his reasons, a device commonly used by judges in the District and Boston Municipal Court Departments for the benefit of the parties. To avoid any confusion when following this practice, we suggest that judges specifically state whether they are or are not making findings of fact under rule 52 (c).

*Judgment affirmed.*

*James B. Dolan* (*Frederick Van Magness, Jr.*, with him) for the plaintiff.
*Michael M. Kaplan* for the defendant.