Welsh, J.
This is an action of summary process. G.L.c. 239, §1, et seq.; St 1996, c. 388. The subject matter of the action was a land lease of a parcel in Canton. The premises had been used as a Howard Johnson’s Restaurant for many years. The parties to the present action are respectively transferees of the interest of the original landowner and assignee of the original tenant
The rights and obligations of the parties who are assignees of the original signatories are embodied in a commercial lease dated January 1,1999 executed by their respective predecessors in interest The lease was drawn providing for a term of five years with five successive five-year terms at the option of the lessee. The lease called for a “minimum rent” of $37,500 per year until the 20th year. In addition to the minimum or “base” rent, the lessee was obligated to pay three (3%) percent of the lessee’s annual gross sales from the restaurant business conducted on the premises.[3] The lease provided that the lessee would not be deemed in default if the restaurant operation was discontinued as a result of strikes, war, rebellion, governmental restrictions, the breakdown of communication, or like casualties, the revocation or suspension of necessary licenses or permits, or refusal to renew the same. The lease further provided that the percentage rent was not required when the lessee was closed to effect renovations, remodeling or alterations and/or additions to the building or improvements, provided that such period should not be greater than 90 days and occur during the first year of the term of the lease.
In May of 2000, the tenant ceased operations of the Howard Johnson’s Restaurant The tenant asserted that the reason for cessation was to make renovations. In any event, the restaurant operations ceased until October of 2000. When it reopened, it offered a limited range of products and services, such as dispensing bagels, coffee, hot chocolate, juice, muffins and the like. It never reopened as a full *203 service restaurant such as it had been before the closure. Two notices of default were served on the tenant Significantly, the first notice in the summer of 2000 did not allude to a failure to resume operations as a Howard Johnson’s-slyle restaurant, nor did it cite lack of percentage payments. The latter notice was dated September 25, 2000, and followed up with a notice of termination as of October 26, 2000.
The lessor contends that the trial judge either abused his discretion or erred as a matter of law in concluding that the tenant was not in default and in denying the plaintiffs request for possession of the premises. We disagree.
1. The proper method of testing the sufficiency (or insufficiency) of evidence to warrant findings of fact is by making a request for ruling keyed to the challenged findings of fact Mass. R. Civ. R, Rule 64A(b). Properly framed requests for rulings would impose on the judge the duty to either allow the requests if they are correct in law or to deny them if either incorrect in law or inapplicable to the facts found.[4] The preferred way of dealing with an otherwise pertinent and correct request for ruling that the judge deems inapplicable because at variance with the facts found is for the judge to state those facts which render the request inapplicable. See DiGesse v. Columbia Pontiac Co., Inc., 369 Mass. 99, 102-105 (1975). Appellate Divisions are not empowered to review findings of fact “as such.” Only such findings that are implicated with ridings of law are considered on appeal.
The appellant did not submit any requests for rulings that challenged the sufficiency of evidence to warrant the judge’s findings on such issues as whether there was an express or implied covenant that the same style of restaurant (i.e. a Howard Johnson’s with a full range of services and products, including the sale of alcoholic beverages on the premises) would be maintained by the lessee for the full period of the lease; whether the failure to resume a full service operation required a finding that the tenant was in default; whether there was evidence sufficient to support a finding of waiver. Waiver is generally a question of fact Carrig v. Earle, 241 Mass. 503, 532 (1929). In summary process cases tried under the one-trial system, requests for rulings testing the sufficiency of evidence are generally essential for appellate review. Dustin v. Dustin, 1997 Mass. App. Div. 147, 148.
In this case, appellant contends, in effect, that the judge was clearly erroneous in foiling to infer an express or implied covenant that the restaurant be operated during the term of the lease as a Howard Johnson’s-slyle restaurant As observed in LaLonde v. LaLonde, 30 Mass. App. Ct. 117 (1991), to conclude that the judge was clearly erroneous in foiling to find a fact on which appellant had the burden of proof, the appellate court would have to conclude that such a finding was required as a matter of law. Id. at 119. Rarely can it be ruled as a matter of law that appellant has met that burden, especially where the case depends in part on oral evidence. In a relatively sophisticated commercial lease such as this one, it would have been relatively easy to insert an express covenant that the restaurant would be operated in the same maimer as it had been at the time of the inception of the lease if that had been intended. We conclude that the trial judge was not required as a matter of law to find such a covenant
2. Appellant seeks to assail on appeal the contention that the trial judge erred in concluding that plaintiff waived by conduct the default by failing to include it in its initial notice of default to the appellee. Since the issue of waiver by conduct was one of fact and not one of law, the absence of an appropriate request for ruling testing the sufficiency of evidence to warrant a finding of waiver precludes appellate review of this issue. The case of Stigum v. Skloff, 2000 Mass. App. Div. 63 contains *204 an analysis of this principle in appellate division review. Id. at 66, 67.
Appellant contends that defendant failed specifically to plead the defense of waiver in its answer as required by Rule 8(c) of the Mass. Rules of Civil Procedure. Waiver is indeed a matter that must be specifically set up if a party seeks to avail itself of such as a defense. See Demoulas v. Demoulas, 428 Mass. 555, 575, n. 16. The main purpose of the rule is to prevent injustice by unfairly surprising one’s opponent by requiring due notice of intent to raise an issue with a fair opportunity to present countervailing evidence. Of course, consent by the party entitled to such notice effectively eliminates the issue. Failure to object at trial when evidence as to the unpleaded issue is offered could imply such consent DiVenuti v. Reardon, 37 Mass. App. Ct. 73, 78 (1994).
It is axiomatic that appellate courts reviewing a case will look to the actual basis on which the case is tried, rather than the theory expostulated in the pleadings. Mass. R Civ. P., Rule 15(b). In O’Sullivan v. Liu and Tai, 1996 Mass. App. Div. 103, the court held that where the parties fully litigated an issue at trial, appellate review will be conducted as though the pleadings had been amended to encompass the unpleaded issue. A case illustrative of this principle is National Medical Care, Inc. v. Zigelbaum, 18 Mass. App. Ct. 570 (1984). The unplead issue of estop-pel was deemed properly before the court on appeal where it was tried on that theory without objection and there was no unduly prejudicial surprise. Id. at 579. Finally, one seeking to avail himself on appeal of the issue of variance between the pleadings and the proof offered at trial has an affirmative duty to bring it to the attention of the trial judge in a clear and unequivocal manner. Page Sheet Metal Co. v. Milton Electronics Corp., 28 Mass App. Dec. 157 (1964).
Accordingly, the appeal is dismissed.
So ordered.

 The lease contained a detailed formula to arrived at the adjusted gross for purposes of the 3%; it need not be set forth here.

 Although the lessor did file requests for rulings of law, none of them test the sufficiency to warrant the findings made by the judge. The requests were all allowed by the trial judge.