Coven, J.
This is a Dist/Mun. Cts. RAD. A, Ride 8C, appeal by the plaintiff of a judgment in her favor after a jury-waived trial of her claims arising out of her purchase of a used motor vehicle from the defendant While the plaintiff raises several issues on this appeal, her arguments essentially fall into three categories of alleged error. The plaintiff contends that the trial judge erred: 1) in declining to act upon her requests for rulings of law, 2) in malting written findings which were inconsistent and 3) in improperly admitting expert testimony into evidence.
After the trial, the judge issued what he captioned as findings of fact and rulings of law. We summarize his findings.
On July 28,1996, the plaintiff purchased a 1992 used Saab, with an odometer reading of 42,500 miles, from the defendant for $17,500.00. The price included a credit for a trade-in in the amount of $1,500.00. At the time of purchase, the plaintiff noticed a quarter-sized hole in the muffler. The defendant repaired the muffler, and the plaintiff took possession of the Saab on July 31,1996.
Pursuant to G.L.c. 90, §7Nl/4, the Saab came with a statutory warranty of 60 days or 2,500 miles, whichever occurred first The plaintiff was informed of the availability of an optional 7 year/60,000 mile warranty offered by Saab for an additional $600.00, but she declined to purchase this option.
The trial judge found that problems with the car ensued within days of the plaintiffs taking possession. According to the findings, the Saab leaked antifreeze on August 2, August 9 and August 28,1996. In addition, the Saab leaked oil on August 2nd and August 9th. On each occasion, the plaintiff returned the Saab to the defendant The defendant, believing that the problems had been fixed, returned the car to the plaintiff after each repair. The return dates were August 5, August 12 and September 1,1996. Finding that the defendant did not conduct repair services on Sundays, the judge determined that the plaintiff had lost the use of the Saab during this period for less than ten business days.
In mid to late September, the plaintiff noticed gas leaking from the Saab and notified the defendant The defendant had the vehicle towed to its repair shop. The dates of the vehicle towing and return are not set forth in the judge’s findings. In any event, problems with the car continued over the next several months. On December 3rd, the plaintiff noticed that the Saab was again leaking both oil and antifreeze. The vehicle was brought to the defendants shop and returned to the plaintiff on the same day. On January 19,1997, the Saab overheated and was again towed to the defendants repair shop. The car was repaired and returned to the plaintiff on January 29th. On February 3rd, the plaintiff brought the Saab hack to the defendant because the heat was not working. It was determined that the cause *232 was a warped engine block. After discussions with Saab representatives, the engine was replaced and the vehicle was returned to the plaintiff on March 5, 1997. The plaintiff encountered a problem with the exhaust system in June, 1997. She asked the defendant to repair the problem, and the defendant refused. The judge’s findings do not include the defendant’s reasons for such refusal.
The defendant did not charge the plaintiff for any of the repair work, except an oil change for $30.00 in December, 1996, and a cable replacement for $200.00 in early 1997. There were no additional problems with the car following the reported exhaust problem in June, 1997, and the plaintiff continued to use the vehicle as her primary car until October, 1998, putting a total of 18,000 miles on the car. The trial judge found that the warranty expired on or about November 4,1996. The plaintiffs demand for a refund pursuant to G.L.c. 93A was made on March 5,1997.
1. The first issue is the propriety of the trial judge’s refusal to act upon the plaintiffs requests for rulings of law which pertained to both her claims for breaches of express and implied warranties under Count I of her complaint, and her claim for G.Lc. 93A unfair and deceptive acts under Count III. Generally, when a trial judge’s thought process is well-articulated both in feet and law, specific rulings on each and every request for ruling is considered superfluous. See Lynn v. Nashawaty, 12 Mass. App. Ct. 310, 315 (1981); Green v. Blue Cross & Blue Shield of Mass., Inc., 1996 Mass. App. Div. 165, 169; Copp v. Hague, 1994 Mass. App. Div. 11, 12.
The question of when judicial findings are to be considered appropriate Mass. R. Civ. R, Rule 52(c), findings has recently been addressed by the Supreme Judicial Court in Stigum v. Skloff, 433 Mass. 1011 (2001). The Court concluded that in that case, the judge’s “brief (two page) memorandum of decision [did] not constitute findings of feet under Mass. R. Civ. P. 52(c).” Id. The Court noted that if trial judges wish to have their written findings and rulings considered as actual Rule 52 findings, as opposed to an “informal summary” of reasons for decision, they should “specifically state whether they are or are not making findings of feet under rule 52 (c).” Id.
In this case, the judge labeled his findings: “Judgment on the Findings of Fact, Law and Order.” Moreover, unlike the brief two and one-half page decision discussed in Stigum, the judge’s findings herein exceeded four pages in length and his discussion of legal principles was extensive. We find that the judge’s thought process is well-articulated, and that there was thus no error in his refusal to act upon the plaintiff’s requests for rulings.
2. The trial judge specifically held that there was no breach of express warranty, no breach of the implied warranty of merchantability, and no breach of the implied warranty of fitness for a particular purpose by the defendant in this case. Yet he found under Count n of the complaint that the defendant breached the parties’ contract
Count II of the plaintiff’s complaint restates the facts set forth above, and then makes a demand for relief. Count II does not state a valid cause of action. See Mass. R. Civ. R, Rule 8(a); Charbonnier v. Amico, 367 Mass. 146, 152-153 (1975); Howard v. G. H. Dunn Ins. Agency, Inc., 4 Mass. App. Ct. 868, 869 (1976). Not one single statement by the plaintiff in Count II could be remotely construed as the statement of a claim. In comparison, breaches of express and implied warranties are clearly claimed in Count I, while Count III sets forth the plaintiff’s G.Lc. 93A claim for unfair and deceptive acts. No cause of action is set forth in Count II.
However, neither the plaintiff, nor the defendant, has appealed the court’s findings, decision and judgment on Count II. In an effort to increase the damages awarded to her under Count n, the plaintiff argues that Count II states a claim for breach of warranty. But, as noted, Count I covers breaches of warranties and was specifically rejected by the trial judge. The plaintiff’s response is that the judge’s findings of breach of contract under Count II and no breach of warranty under Count I are inconsistent and cannot stand. However, where there are inconsistent findings and rulings, “the remedy is not an [appeal], but a motion to correct the *233 inconsistency or a motion for a new trial.” Cook v. Kozlowski, 351 Mass. 708 (1967); Vieira v. Balsamo, 328 Mass. 37, 39 (1951); Silva and Santos, Inc. v. Previte, 1993 Mass. App. Div. 173, 175. Having failed to direct this issue to the trial judge to afford him the opportunity to correct or clarify his findings, the plaintiff may not argue the issue of inconsistency on this appeal. The argument has been waived.
3. Even if we were to entertain that question on the merits, we find the plaintiff’s arguments unpersuasive. The judge’s subsidiary findings of fact were warranted by the evidence, and his rulings were correct A judge’s findings of feet must stand on appeal unless they are clearly erroneous. Kendall v. Selvaggio, 413 Mass. 619, 620 (1992). A finding of fact is clearly erroneous when “although there is evidence to support it the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” Springgate v. School Comm. of Mattapoisett, 11 Mass. App. Ct. 304, 309-310 (1981). Our review of the record leaves us with no such conviction.[1]
Nor did the judge err in those rulings of law contested by the plaintiff on this appeal The plaintiff contends that the trial judge erred in determining that the vehicle warranty expired on November 4,1996. However, this conclusion is based on aválid interpretation of G.L.c. 90, §7Nl/4.[2] The plaintiff did not experience any problems with the Saab for the months of October and November in their entirety, a full sixty days after the last repair. We conclude that the judge correctly interpreted G.L.c. 90, §7Nl/4 in determining the expiration date of the used car warranty.
4. Finally, there is no merit in the plaintiffs assertion that the judge erred in permitting expert testimony regarding the safely issues involved in leaking antifreeze. Plaintiffs claim is that she was informed by the defendant during discovery that the defendant was not going to call expert witnesses, and that she was unfairly surprised and disadvantaged in her cross-examination of the expert who subsequently was called and testified for the defendant The trial judge restricted examination of the expert to the limited issue of the leaking antifreeze, and offered plaintiffs counsel as much time as needed to develop cross-examination. The plaintiffs attorney agreed.
When opposing counsel has a full opportunity to interrogate a witness, the substance of the witness’s testimony has been extracted and the element of surprise is no longer present See Beaupre v. Cliff Smith & Associates, 50 Mass. App. Ct. 480, 485-486 (2000). As the Appeals Court noted, “we know of no case in which a trial judge’s discretionary admission (or exclusion) of belatedly offered and previously unidentified expert testimony has been reversed by our appellate courts, notwithstanding any violation of discovery obligations or pretrial orders.” Id. at 485.
Appeal dismissed.
So ordered.

 For instance, the plaintiff claims that the judge erred in finding that leaking antifreeze will not materially impair a vehicle. However, there was testimony which supports that finding, and the trial judge must be accorded the usual deference in his determination of the credibility of that testimony.

 Section 7N1/4 states, in relevant part “express warranties... for a used motor vehicle which, at the time of sale, has been operated forty thousand miles or more, but less than eighty thousand miles, sixty days or two thousand five hundred miles, whichever first occur ... The applicable warranty period shall he extended thirty days from the date of completion of any repair.”