Rutberg, J.
This appeal comes to us on an agreed statement of facts pursuant to Dist/Mun. Cts. R A. D. A, Rule 8B; however, the appellant failed to preserve his appellate rights. Stigum v. Skloff, 433 Mass. 1011 (2001). All but one of appellant’s requests for rulings of law were deemed waived by the trial judge as he found them “... not in compliance with [MRCP] Rule 64A(a)....” The remaining ruling that was not deemed waived was allowed. Although appellant’s Rule 8B[2] statement states that he “... has appealed the rulings of law entered by the [Trial] Court..,” he never addressed the waiver of his requests in his brief. Therefore, any right they may have to appeal this waiver is itself waived. Stigum v. Skloff, supra; see Dist/Mun. Cts. R A D. A, Rule 16(a) (4).
The essence of appellant’s brief seems to argue that the evidence adduced at trial was insufficient as a matter of law to support the trial courts finding of liability on the theory of quantum meruit. No request for a ruling of law as required by MRCP Rule 64A challenging the sufficiency of the evidence is in the record before us, and this failure is fatal to appellants appeal Stigum v. Skloff, supra. “The proper method of testing the sufficiency (or insufficiency) of evidence ... is by making a request for ruling, keyed to the challenged findings of fact” Washington 138 LLC v. Reivax Properties, LLC, 2001 Mass. App. Div. 202, 203 (Southern District). The court in the Washington 138 LLC case went on to note that “... requests for rulings testing the sufficiency of evidence are generally essential for appellate review. ”M, citing Dustin v. Dustin, 1997 Mass. App. Div. 147.
We note that MRCP Rule 64A goes so far as to provide a “formulaic” method to state such a request We further note in passing that evidence referred to in the parties’ Rule 8B statement is sufficient to support the trial judge’s finding of liability on appellee’s quantum meruit count
The judgment of the trial court is affirmed.

 Dist/Mun. Cts. R A D. A, Rule 8B.