Koenigs, J.
The plaintiff, Rebecca Trucheon (“plaintiff’), brought suit against the defendant car dealer, Diamond Chevrolet, Inc. (“defendant”), after her attempt to buy a car from the defendant fell through, the defendant refused to return her trade-in vehicle, leaving the plaintiff without a car, and the plaintiff was persuaded to lease a car she could not afford.
After trial, the judge found the defendant liable for violation of G.L.c. 93A and conversion.[1] The defendant appealed, alleging in essence that there was insuffi- *84 dent evidence to support the trial judge’s decision. The defendant does not appeal from a ruling of law; rather, the appeal comprises a series of assertions that the judge should not have decided the case the way he did.
The defendant did not submit a request for ruling regarding the sufficiency of the evidence as required by Mass. R. Civ. E, Rule 64A(b) (2). Instead, the defendant asks this court to rule on the sufficiency of the evidence by referring to the trial judge’s memorandum of decision, which the judge specifically stated was not intended to comply with the requirements of Mass. R. Civ. R, Rule 52(c).
Following the judge’s decision, the defendant filed a fourteen-page motion asking the court to reconsider the decision. This was followed by a six-page supplement to the motion. The trial judge did not alter the result, but filed a written memorandum of his denial of that motion. This second memorandum was not intended to, and did not, comprise findings of fact under rule 52 (c).
Since there are no findings of fact from which the defendant may appeal, and the defendant did not request a ruling of law regarding the sufficiency of the evidence in compliance with the requirements of Mass. R Civ. R, Rule 64A(b) (2), the judgment of file trial court will not be disturbed. As the Supreme Judicial Court observed in Stigum v. Skloff, 433 Mass. 1011 (2001): “[The trial judge’s memorandum] is an informal summary of his reasons, a device commonly used by judges in the District and Boston Municipal Court Departments for the benefit of the parties ... [it] does not constitute findings of fact from which the defendant may appeal.” Id. at 1011. In affirming the judgment on that case, the Supreme Judicial Court adopted as its reasoning the thoughtful and thorough decision by the Boston Municipal Court, Appellate Division, in Stigum v. Skloff, 2000 Mass. App. Div. 63. We do likewise.[2] Accord, Waterwheel Realty, Inc. v. Mangiacotti, 2001 Mass. App. Div. 245 (Western District); Washington 138 LLC v. Reivax Properties, LLC, 2001 Mass. App. Div. 202, 203 (Southern District).
Judgment affirmed.

 The defendant prevailed as to all other counts in the plaintiff’s complaint; the defendant’s counterclaims were unsuccessful.

 We observe nonetheless that the record, in the form of the trial transcript, contains adequate evidence for the trial judge’s conclusions.