Gardner, J.
This action arises out of an assault and battery upon the plaintiff, James Bernhard (“Bernhard”).
Defendant Colin Murphy (“Murphy”) punched Bernhard in his college dormitory for no apparent reason other than Murphy’s consumption of an excessive amount of alcohol. Bernhard’s parents brought this suit on his behalf to recover damages for what was alleged in the complaint as a “negligent’ assault and battery. After trial, the judge found Murphy liable for an intentional assault and battery. Murphy filed a motion to vacate the courts judgment, and Bernhard responded with a motion to amend to conform the complaint to the evidence by adding a count for intentional assault and battery. The judge allowed both motions, and judgment was then reentered for Bernhard. Murphy filed this Dist/Mun. Cts. R.AD.A, Rule 8C, appeal of the allowance of Bernhard’s motion to amend.
The sole issue presented on this appeal is whether the trial judge’s allowance of Bern-hard’s motion to amend the complaint seven weeks after the conclusion of trial constituted an abuse of judicial discretion.
Amendment of pleadings is permitted even after trial by both statute and court rule. See G.L.c. 231, §51;[3] Mass. R. Civ. R 15(b).[4] However, “[wjhile ... a *71 motion to amend the pleadings to conform to the evidence may be made even after judgment, the timing of a motion to amend is a factor which may be taken into consideration.” Bullock v. Zeiders, 12 Mass. App. Ct. 634, 637 (1981), quoting Castellucci v. United States Fidelity & Guar. Co., 372 Mass. 288, 291-292 (1977). A judge may also weigh the prejudice to the opposing party. Hamed v. Fadili, 408 Mass. 100, 105 (1990). The moving party must show that the issue to be added was actually “tried by express or implied consent of the parties.” Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 399 (2003).
As indicated in his Memorandum of Decision, the trial judge found that Murphy committed an intentional assault and battery. Findings of fact are accorded appellate deference in recognition of the trial judge’s superior position in assessing the weight and credibility of the evidence. Starr v. Fordham, 420 Mass. 178, 186 (1995). “If the trial judge makes one of several possible choices of what facts are supported by the evidence, the judge’s choice is not clearly erroneous.” W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 751 (1993). As the trier of fact, the judge may disbelieve even uncontroverted testimony. Calderone v. Wright, 360 Mass. 174, 176 (1971). The findings of the trial judge will be disturbed only if “the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 509 (1997); Rood v. Newberg, 48 Mass. App. Ct. 190-191 (1999).
Prior to the commencement of the evidence, the judge stated that he had taken note that the complaint sounded in negligence. During the trial, Murphy admitted that he struck Bernhard with his fist, head or elbow. There was clearly no basis for an affirmative defense of self-defense in this case. When the judge cautioned Murphy on two occasions about self-incrimination, neither party objected or commented that Bernhard’s original claim was for negligent rather than intentional conduct. On the basis of record before us, we conclude that the trial judge considered the evidence and properly found that the parties tried the case on the issue of whether Murphy had intentionally struck Bernhard and that Murphy had, in fact, committed an intentional assault and battery.
On the issue of prejudice, Murphy asserts that his insurance carrier s attorney handled what was a complaint against him for negligent conduct, and that he might have engaged private counsel if he knew he would be held personally liable for an intentional tort. Murphy argues that if he had engaged his own attorney, he would have been informed of the potential for personal liability on any judgment against him for an intentional tort, he could have been involved in trial strategy and settlement negotiations, and that his trial strategy would have, in fact, been different. The flaw in Murphy’s argument is that as the named defendant, he was entitled to be involved in trial strategy and settlement negotiations even if the insurance carrier did not advise him of that right, even though the insurance carrier provided him with a defense attorney for this lawsuit, and even if the insurance carrier was going to pay any settlement amount. Moreover, when Murphy’s attorney was asked at oral argument what different trial strategy he would have employed if a claim for intentional assault and battery had been pending prior to trial, he was unable to articulate any specific defense or strategy he would have pursued. Nor, as indicated, does the record support a claim of self-defense or suggest some other affirmative defense Murphy might have advanced. The real issue at trial appears to have been the amount of damages sustained by Bernhard. There was little dispute as to the essential nature and character of Murphy’s conduct.
There was, therefore, no abuse of discretion in the allowance of Bernhard’s motion to amend the complaint. Based on the record before us, the trial judge’s *72 ruling was consistent with the “purpose and the objective” of Rule 15(b) and G.L.c. 231, §51. O’Sullivan v. Lin and Tai, Inc., 1996 Mass. App. Div. 103, 106.
Judgment affirmed. Appeal dismissed.
So ordered.

 Section 51 states: “In all civil proceedings, the court may at any time, allow amendments adding a party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought or enable the defendant to make a legal defense.”

 Rule 15(b) of the Mass. R Civ. P. provides: “Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but Mure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party Ms to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.”